UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

_____

Timothy Zettler

On Behalf of Himself and
All Others Sharing a Question of
Common Interest,

        Plaintiffs

  v.                                       Case No. 18-cv-654

Thurs Trucking
Jean Thurs,

        Defendants.
_____

## COMPLAINT

Plaintiffs, by their attorneys, for their Complaint against Defendants state as follows:

1.    This is a collective action under the Fair Labor Standards Act, and an individual action under Wisconsin law by Plaintiffs, current and former drivers of Thurs Trucking to seek redress for the Defendants' failure to pay wages required by the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §201 et seq. and Wisconsin law.

## JURISDICTION AND VENUE

2.    This court has subject matter jurisdiction under 29 USC §216(b) and 28 U.S.C. §1331 because Plaintiff alleges violations of the FLSA, 29 U.S.C. §201 et seq.

3.    This Court has supplemental jurisdiction over the Plaintiff's claims brought under Wisconsin law pursuant to 28 U.S.C. §1367 because they are based upon the

same nucleus of operative facts, and therefore form the same case or controversy as their FLSA claims.

4. This Court has personal jurisdiction over each defendant because they each reside in Marathon County, Wisconsin within this district. The vast majority of acts that give rise to the Plaintiffs' claims against the Defendants occurred in this judicial district.

5. Venue is proper in this district pursuant to 28 U.S.C. §1391(b)(2) & (c) because a substantial part of the events giving rise to the claims described herein occurred in this district and Defendants may be found within this district.

## THE PARTIES

6. Plaintiffs are adult residents of the State of Wisconsin who were employed by Thurs Trucking between 2015 and the present. FLSA and Wisconsin prevailing wage consent forms for Named Plaintiff Timothy Zettler are attached to this Complaint.

7. Defendant Thurs Trucking is a Wisconsin corporation with a principal place of business in Athens, Wisconsin; which is located within Marathon County. Thurs Trucking is an employer within the meaning of Wis. Stat. §109.03(1). Thurs Trucking is also a business engaged in the production of goods for commerce in that it is an enterprise that frequently assisted in the construction, maintenance, and repair of highways and roadways, which are significant instrumentalities of interstate commerce. At all relevant times, both entities have had annual gross volume of business at or above $500,000.

8. Defendant Jean Thurs is the principal officer in charge of, and the registered agent of Thurs Trucking; and was at all relevant times responsible for setting the

employee compensation policies of Thurs Trucking, which the Plaintiffs allege to violate the Fair Labor Standards Act.

## FACTS

9. Plaintiffs' primary job responsibility consisted of operating vehicles owned by Thurs Trucking to pick up and deliver materials for its clients.

10. The Plaintiffs could not successfully complete their work tasks for the Defendants without the vehicles owned by the Defendants since those vehicles were the only ones available to them, which had the necessary power and carrying capacity to complete their work assignments. The vehicles were thus the most important tool used by the Plaintiffs in their day to day work for the Defendants.

11. Thurs Trucking required the Plaintiffs to store the trucks overnight in Athens, Wisconsin, unless the Plaintiffs received advanced permission to take the trucks home for the night, which would only be granted if the jobsite was substantially closer to the Plaintiffs' homes than the company shop in Athens, Wisconsin.

12. Each morning the Plaintiffs would pick up their vehicles from a storage site located in Wisconsin, and then would drive their vehicles between pickup locations, jobsites, and dump off locations to perform their assigned job responsibilities.

13. Throughout the time period between 2015 and the present, no driver for Thurs Trucking has ever performed any driving assignments that required them to drive outside the State of Wisconsin.

14. The Plaintiffs during the course of their work would deliver construction materials such as blacktop, granite, and lime, all of which was sourced from or

3

manufactured in Wisconsin. The Plaintiffs would deliver these materials to end users, rather than to stockpiles where they could be delivered to other locations.

15. Unless the Plaintiffs received advanced permission to store the truck at home, each morning each Plaintiff would report to the company shop at Athens, Wisconsin to pick up their trucks.

16. Whether the Plaintiffs stored their trucks at the company shop or at home, before driving the trucks for the first time on the day they would conduct a pre-truck inspection, build up the air pressure in their trucks, and warm up their trucks; and thereby performed pre-trip activities that were either legally required, or were indispensable to the safe operation of their trucks.

17. After the Plaintiffs picked up their trucks, they were required to drive the trucks to the first location at which their trucks would be loaded for the day in advance of the announced loading time for their trucks. Plaintiffs often had to wait at the pick-up location, up to an hour after their announced loading time, before their trucks were loaded for the first time on the day.

18. After completing all of their work assignments for the day, then plaintiffs would fuel their vehicles, drive their vehicles back to the nightly storage location, and complete paperwork required by Thurs Trucking's customers, which were required by Thurs Trucking so that it could receive payment for the trucking services from its customers.

19. While one of Thurs Trucking's main customers, American demolition, would pay the Plaintiffs for a return trip from the unloading location back to the loading location, time paid for such a return trip was always less than the amount of time required by the

4

Plaintiffs to fuel their vehicles, make the return trip back to the truck storage location, and complete their paperwork.

20. In any event, any pay that Thurs Trucking received from American demolition for the return trip constitutes additional compensation for the material pickups and deliveries that the Plaintiffs performed on behalf of Thurs Trucking for American Demolition.

21. Thurs Trucking has never compensated the Plaintiffs for any of their work described in paragraphs 17-19 of the Complaint.

22. Upon information and belief, Thurs Trucking paid to the Plaintiffs a percentage of the compensation that it received from its customers for the Plaintiffs' work.

23. Thurs Trucking did not keep track of the Plaintiffs' hours worked, except that when the Plaintiffs completed timecards for Thurs Trucking customers that paid Thurs Trucking for each hour worked by the Plaintiffs, Thurs Trucking would sometimes record the same hours in the Plaintiffs' Daily Trip Reports.

24. The hours that the Plaintiffs worked, which are recorded by Thurs Trucking in their Daily Trip Reports, start when their trucks were loaded for the first time on the workday, and end when their trucks were loaded for the final time on the workday, except for the return trips described in paragraph 19 of this Complaint.

25. Thurs Trucking never paid any overtime premium pay to the Plaintiffs, for their hours worked over 40 hours per week, no matter how many hours they worked during the week.

26. The Plaintiffs sometimes performed maintenance work on the weekends at the Thurs Trucking shop, for which they would receive hourly pay but never overtime

5

premium pay, no matter how many hours they had already worked earlier during the workweek.

27. During the time period on or after August 9, 2016, Plaintiff sometimes delivered mineral aggregate directly to the location of installation on public roads projects that are funded in whole or in part by the Wisconsin Department of Transportation.

28. For their work described in paragraph 27 of the Complaint the Plaintiffs would receive only their commission rates, which typically averaged $20 per hour or less; rather than the full prevailing wages for truck drivers required by law.

29. Plaintiffs would never receive overtime pay for the work described in paragraph 26 of the Complaint, no matter how many hours they worked either on the day, or during the workweek.

30. Approximately three or four years ago, on a date that the Plaintiff can no longer recall, Thurs Trucking received and ultimately paid a citation for an overweight truck that the Plaintiff operated.

31. After Thurs Trucking paid the citation for the overweight truck, it then deducted the paid amount from the Named Plaintiff's compensation though he had not authorized the deduction in writing, had never agreed to the deduction through a representative, and though no Court or other tribunal has ever found that the Plaintiff was negligent, careless, or through his willful and intentional conduct caused the overweight truck citation.

### COLLECTIVE ACTION ALLEGATIONS

32. Named Plaintiff brings his First Claim for Relief, pursuant to the Fair Labor Standards Act, on his own behalf and on behalf of all other similarly situated drivers

employed by the Defendants who did not receive the legally required amount of overtime premium pay during workweeks when they worked more than 40 hours per week.

33. Named Plaintiff is similarly situated to others in the FLSA Class and was subject to Defendants' common practice, policy, or plan of failing to keep track of their hours worked, and of failing to compensate them with overtime premium pay for each of their hours worked over 40 per week, after all of their work hours are counted as time worked.

34. Overtime damages for the class can be established as a fair and just reference, given Thurs Trucking's failure to keep track of the Plaintiffs' hours worked as required by law, using both representative testimony and the Plaintiffs' recorded work hours for American Demolition.

35. The First Claim for Relief for violations of the FLSA therefore may be brought and maintained as an "opt-in" collective action pursuant to Section 16(b) of FLSA, 29 U.S.C. §216(b), for prospective members of the FLSA Class that are similarly situated to the Named Plaintiff and have claims that are similar to their First Claim for relief.

**Count I. Overtime Pay Claim Under the Fair Labor Standards Act Against All Defendants.**

36. Plaintiffs re-allege, and incorporate by reference, the allegations contained in paragraphs 1- 35 of the Complaint.

37. All of the work activities described in paragraphs 17-19 of the Complaint are indispensable to the Plaintiffs' performance of their principal activity of picking up and delivering construction materials for Thurs Trucking, and therefore must count as hours worked under the FLSA.

7

38. Under the FLSA, the Plaintiffs are entitled to overtime premium pay equal to ½ of their average hourly wage received during the workweek, for each and every hour that they worked over 40 hours per week.

39. During each year between 2015 and 2018, Plaintiffs regularly worked more than 40 hours per week for Thurs Trucking, so that they were entitled to overtime premium pay that they never received from Thurs Trucking.

40. Since the Defendants did not have any, let alone reasonable grounds for their violations of the FLSA as outlined in Count I of the First Amended Complaint, the plaintiffs are entitled to 100% liquidated damages for all compensation owed to them under the FLSA.

41. The Defendants cannot rely on its belief that commissioned employees need not receive overtime pay to justify its failure to pay overtime pay to the Plaintiffs, given its failure to pay overtime pay to the Plaintiffs for their weekend shop work, which was paid on an hourly rather than a commissioned basis. The Plaintiffs are therefore entitled to application of the three years statute of limitations for the Defendants' willful violations of the FLSA.

42. Defendant Jean Thurs, as the individual officer of Thurs Trucking responsible for designing and implementing its hours counting and overtime compensation policies that were in blatant violation of the FLSA, is personally liable to the Plaintiffs for overtime wages that are owed as a result of the hours counting and overtime compensation policies that she designed and implemented.

43. Plaintiffs are additionally entitled to their reasonable attorneys fees and costs of bringing their FLSA claims against the defendants.

**Count II.   Claim for Straight Time and Overtime Pay Against Thurs Trucking**

44. Plaintiffs re-allege, and incorporate by reference, the allegations contained in paragraphs 1- 43 of the Complaint.

45. The DWD regulations defining hours worked under Wisconsin law are substantially similar to regulations defining hours worked under the FLSA; so that all of the Named Plaintiffs' time spent performing tasks outlined in paragraphs 17-19 of the Complaint are also hours worked under Wisconsin law.

46. Pursuant to DWD §272.12(1)(a), implemented pursuant to authority granted by Wis. Stat. §103.02, the Plaintiffs are entitled to additional straight time pay at their shop rate for each and every hour that they spent performing the activities described in paragraphs 17-19 of the Complaint.

47. The Plaintiffs' shop rate is the hourly rate that they received from Thurs Trucking for performing their truck maintenance tasks at the end of the workweek.

48. Pursuant to DWD §274.03, which is enforceable through a lawsuit brought under Wis. Stat. §109.03(5), the Plaintiffs are entitled to overtime premium pay for each and every hour that they worked after 40 hours for the week, after taking into account their time spent performing the activities described in paragraphs 17-19 of the Complaint.

49. Wis. Stat. §109.03(1) requires the employer to pay to each of his employees all straight time and overtime wages earned within 31 days after they are earned.  The Defendants therefore violated Wisconsin law by failing to pay to the Plaintiffs all straight time and overtime wages that they are entitled to.

50. Pursuant to Wis. Stat. §109.03(5), the Plaintiffs are entitled to maintain a lawsuit against Thurs Trucking for all wages that they are entitled to receive pursuant to

Wis. Stat. §109.03 and DWD Chapter 274. In such a lawsuit they are also entitled to receive the 50% increased damages authorized by Wis. Stat. §109.11(2)(b), along with their reasonable attorneys fees and costs of prosecuting their claims as authorized by Wis. Stat. §109.03(6).

**Count III.  Wis. Stat. §103.455 claim Against Thurs Trucking.**

51. Plaintiffs re-allege, and incorporate by reference, the allegations contained in paragraphs 1-53 of the Complaint.

52. Pursuant to Wis. Stat. §103.455, no wages may be deducted from employee paychecks for errors or work rule violations that caused the loss of money to the employer unless the employee authorized the deduction in writing, a representative of the employee and the employer determined that the employee is at fault for the damage to property, or there is a court finding that the loss was caused by the employee's negligence, carelessness, or willful and intentional conduct.

53. Thurs Trucking therefore violated §103.455 by making deductions for the fine that it paid on the Named Plaintiff's truck for an overweight traffic citation, in particular when it never gave the Named Plaintiff any opportunity to demonstrate that he was not at fault for the loss after the loss, and prior to the making of the deductions.

54. Named Plaintiff is entitled to double damages for each and every deduction that the Defendants made from their wages for the traffic fine, regardless of whether he was at fault for his truck receiving the overweight citation.

**COUNT IV:  Wisconsin Prevailing Wage Claim Against Thurs Trucking**

55. Plaintiffs re-allege, and incorporate by reference, the allegations contained in paragraphs 1-54 of the Complaint.

10

56. The Plaintiffs were entitled to the prevailing wage for their work on Wisconsin DOT projects delivering mineral aggregates, including but not limited to blacktop, which they would then dump on the highway jobsite at the location of installation.

57. Thurs Trucking therefore violated Wisconsin prevailing wage laws by paying to the Plaintiffs on a percentage basis, which when converted on an hourly basis was substantially lower than the required prevailing wage rates, for their work described in paragraph 59 of the Complaint.

58. Thurs Trucking additionally violated Wisconsin prevailing wage laws by failing to pay the Plaintiffs overtime pay when their work described in paragraph 60 of the Complaint occurred after they had already worked 10 hours on the day, or 40 hours for the workweek.

59. For the Defendants' violation of the Wisconsin prevailing wage laws, the Plaintiffs are entitled to double damages, plus their attorneys fees and costs of prosecuting their claims.

WHEREFORE, the Plaintiffs respectfully request the Court to enter an order that:

1. Finds that Defendants are jointly and severally liable to the plaintiffs for all unpaid overtime pay and 100% liquidated damages under the Fair Labor Standards Act;

2. Finds that Thurs Trucking is liable to the Named Plaintiff for all unpaid straight time, overtime, and prevailing wages that they are owed under Wisconsin law;

3. Finds that Thurs Trucking is liable to the Named Plaintiff for increased damages equal to 50% of the unpaid straight time and overtime wages that the Plaintiffs are owed under Wis. Stat. §109.03; and 100% of the wage deductions and prevailing wages that the Plaintiffs are owed pursuant to Wisconsin prevailing wage laws;

4. Finds that Thurs Trucking is liable to the Named Plaintiff for twice the amount that it deducted from him for overweight truck citations;

5. Finds that all Defendants are liable to the Plaintiffs for their reasonable attorneys fees and costs incurred in prosecuting the FLSA claims; and that Thurs Trucking is liable to the Named Plaintiff for his reasonable attorneys fees and costs incurred in prosecuting his Wisconsin law claims.

6. Grants to the Plaintiffs such other and further relief as the Court deems just and proper.

Dated this 9th day of August, 2018.

/s/ Yingtao Ho
Yingtao Ho
yh@previant.com
Wis. Bar #1045418
Attorney for Plaintiffs
310 West Wisconsin Avenue, Suite 100MW
Milwaukee, WI 53203
Telephone: 414-271-4500
Fax: 414/271-6308