IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

ZETTLER, TIMOTHY,

                Plaintiff,

  v.                                                         OPINION and ORDER

THURS TRUCKING, INC.,[1] and                              18-cv-654-jdp
JEAN THURS

                Defendants.

---

      Plaintiff Timothy Zettler says that his former employers, defendants Thurs Trucking, Inc., and Jean Thurs, maintained policies that violated the Fair Labor Standards Act ("FLSA") and Wisconsin law. Zettler now moves for conditional certification of an FLSA collective action of current and former Thurs Trucking drivers under 29 U.S.C. § 216(b). Dkt. 17.

      The court will deny the motion. The parties agree that no more than 18 drivers would be eligible for the proposed class. Even assuming a 100 percent opt-in rate, this is far fewer than necessary to satisfy the numerosity requirement for a class under § 216(b). If the other truck drivers at Thurs Trucking wish to join the lawsuit, they will need to do so under Federal Rule of Civil Procedure 20.

---

[1] The parties have filed a joint motion for leave to file a second amended complaint, changing the name of defendant "Thurs Trucking" to "Thurs Trucking, Inc." Dkt. 16. The court will grant the motion, and it has updated the caption accordingly. Per the parties' stipulation, defendants' answer to the first amended complaint, Dkt. 15, will be redirected to the second amended complaint.

ANALYSIS

The FLSA does not specify how collective actions should proceed, but courts have adopted a two-step approach to collective action certification. *De Leon v. Grade A Constr. Inc.*, No. 16-cv-348, 2017 WL 1957537, at *2–3 (W.D. Wis. May 11, 2017); *Kelly v. Bluegreen Corp.*, 256 F.R.D. 626, 628–29 (W.D. Wis. 2009). First, at the conditional certification stage, the plaintiff makes a minimal showing that others in the potential class are "similarly situated." *Id*. If conditional certification is granted, potential class members are sent a notice of the action and given an opportunity to opt-in.

Second, after the parties have engaged in discovery and the opt-in process is complete, the court undertakes a more stringent analysis using the criteria of Federal Rule of Civil Procedure 23. *De Leon v. Grade A Constr., Inc.*, No. 16-CV-348-JDP, 2017 WL 6375821, at *1 (W.D. Wis. Dec. 13, 2017) (citing *Espenscheid v. DirectSat USA, LLC*, 705 F.3d 770, 772 (7th Cir. 2013)). If the conditionally certified class does not satisfy Rule 23's requirements—that is if the class does not have (1) a sufficient number of members; (2) common questions of law or fact; (3) representatives with claims typical of the class; and (4) representatives who will protect class interests—the court will decertify the class.

Typically, on a motion for conditional certification, the court does not consider whether the proposed class will survive decertification. *See Foshinder-Bittorf v. SSM Health Care of Wisconsin, Inc.*, No. 11-CV-592-WMC, 2013 WL 3287634, at *1 (W.D. Wis. Mar. 21, 2013) (granting conditional certification even though "the court anticipates plaintiff may well have difficulty maintaining the proposed class"). But in this case, the writing is on the wall: decertification is inevitable because Zettler cannot satisfy Rule 23's first requirement: that "the class is so numerous that joinder of all members is impracticable." Fed. R. Civ. P. 23(a)(1). The

parties agree that only 18 individuals are eligible for the proposed class. And Zettler does not provide any explanation for why, despite the small number of plaintiffs, joinder under Rule 20 would be impractical. *See Mulvania v. Sheriff of Rock Island Cty.*, 850 F.3d 849, 860 (7th Cir. 2017) (denying certification of class of 29 members when there is no reason that joinder would be impractical).

Zettler contends that numerosity is not a requirement for certifying a collective action under the FLSA. But this court has previously applied a numerosity requirement in FLSA collective actions. *See De Leon*, 2017 WL 6375821, at *3. And as explained by the court of appeals, "despite the difference between a collective action and a class action and the absence from the collective action section of the Fair Labor Standards Act of the kind of detailed procedural provisions found in Rule 23, there isn't a good reason to have different standards for the certification of the two different types of action." *Espenscheid*, 705 F.3d at 772.

Zettler also says that Wisconsin district courts have allowed other FLSA collective actions to go forward with fewer than 18 members.[2] But the cases that Zettler cites all included larger Rule 23 classes that asserted claims substantively similar to the claims asserted by the FLSA classes. The court was already adjudicating the issues on a class-wide basis, so it made sense to do so for the FLSA claims as well. But when, as here, there are not enough putative class members to support a class under Rule 23, the court has denied certification under the FLSA as well. *See De Leon*, 2017 WL 6375821, at *3.

---

[2] *See Laughlin v. Jim Fischer, Inc.*, No. 16-C-1342, 2018 WL 2538356, at *9 (E.D. Wis. June 4, 2018); *Jones v. Cruisin' Chubbys Gentlemen's Club*, No. 17-CV-125-JDP, 2018 WL 1175412, at *1 (W.D. Wis. Mar. 6, 2018); *Schilling v. PGA Inc.*, 293 F. Supp. 2d 832, 842 (W.D. WI. 2018); *Bitner v. Wyndham Vacation Resorts*, 2016 WL7480428 (W.D. WI. 2016).

Zettler remains free to pursue his claims against Thurs Trucking as an individual, and he may join additional plaintiffs to the suit under Rule 20. But his motion for certification as a collective action is denied.

ORDER

IT IS ORDERED that:

1. The parties' joint motion for leave to file a second amended complaint, Dkt. 16, is GRANTED. Defendants' answer to the amended complaint, Dkt. 15, is redirected to the second amended complaint.

2. Plaintiff Timothy Zettler's motion for conditional certification, Dkt. 17, is DENIED.

Entered April 30, 2019.

BY THE COURT:

/s/
_____
JAMES D. PETERSON
District Judge